**HANRATTY LAW GROUP**
Kevin M. Hanratty, Esq.
Nevada Bar No. 007734
1815 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
Phone: (702) 821-1379
Fax: (702) 870-1846
E-mail:  kevinh@hanrattylawgroup.com
*Counsel for Plaintiff Tara M. Haywood*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TARA M. HAYWOOD, | Case No:    2:23-cv-01062-JAD-DJA |
| Plaintiff, | **STIPULATION AND ORDER TO AMEND COMPLAINT** |
| vs. | |
| SPROUTS FARMERS MARKET, INC., ROCATEQ NORTH AMERICA LLC, DOES I-X, and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff TARA M. HAYWOOD, by and through her attorney, Kevin M. Hanratty, Esq. of HANRATTY LAW GROUP; Defendant Sprouts Farmers Market, Inc., by and through its attorney of record, Jack P. Burden, Esq. and Dallin Knecht, Esq. of BACKUS | BURDEN; and Defendant ROCATEQ USA LLC, incorrectly named as ROCATEQ NORTH AMERICA LLC, by and through, its attorney of record, Michael A. Federico, Esq. of OLSON CANNON GORMLEY & STOBERSKI, as follows:

That Plaintiff TARA M. HAYWOOD be allowed to file an Amended Complaint correctly naming Defendant ROCATEQ USA LLC in the above-entitled action.

(A copy of the proposed Third Amended Complaint is attached hereto as Exhibit "1").

DATED this 29th day of May, 2024.　　　　　DATED this 29th day of May, 2024.

**HANRATTY LAW GROUP**　　　　　**BACKUS | BURDEN**

By: _/s/: Kevin M. Hanratty, Esq.___　　　By:_/s/: Jack P. Burden, Esq._____
Kevin M. Hanratty, Esq.　　　　　　Jack P. Burden, Esq.
Nevada Bar No.: 7734　　　　　　　Nevada Bar No. 6918
1815 Village Center Circle, Ste. 140　　3050 South Durango Drive
Las Vegas, Nevada 89134　　　　　Las Vegas, Nevada 89117
*Counsel for Plaintiff*　　　　　　　*Counsel for Defendant*
*Tara M. Haywood*　　　　　　　*Sprouts Farmers Market Inc.*

DATED this 29th day of May, 2024.

**OLSON CANNON GORMLEY & STOBERSKI**

By: _/s/: Francis Arenas, Esq. _____
Michael A. Federico, Esq.
Nevada Bar No. 5946
Francis Arenas, Esq.
Nevada Bar No. 006557
950 W. Cheyenne Ave.
Las Vegas, Nevada 89129
*Counsel for Defendant Rocateq North America LLC*

**<u>ORDER</u>**

IT IS SO ORDERED.

DATED: 5/30/2024

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "1"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HANRATTY LAW GROUP**
Kevin M. Hanratty, Esq.
Nevada Bar No.: 007734
Ani Biesiada, Esq.
Nevada Bar No.: 014347
1815 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
PH: (702) 821-1379
FAX: (702) 870-1846
Email: kevinh@hanrattylawgroup.com
Email: anib@hanrattylawgroup.com
*Counsel for Plaintiff Tara M. Haywood*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TARA M. HAYWOOD,<br><br>          Plaintiff,<br><br>vs.<br><br>SPROUTS FARMERS MARKET, INC., **ROCATEQ USA LLC**, DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>          Defendant. | Case No:    2:23-cv-01062-JAD-DJA<br><br>**THIRD AMENDED COMPLAINT FOR:**<br>1. **Negligence;**<br>2. **Negligent Hiring, Training and Supervision;**<br>3. **Respondeat Superior/Agency Liability;**<br>4. **Strict Liability – Manufacturing;**<br>5. **Strict Products Liability – Failure to Warn.** |

Plaintiff TARA M. HAYWOOD ("Plaintiff"), by and through her counsel of record, Kevin M. Hanratty, Esq. and Ani Biesiada, Esq. of the Hanratty Law Group, hereby complains and alleges against Defendant SPROUTS FARMERS MARKET, INC. and **Defendant ROCATEQ USA LLC**, DOES I through X and ROE CORPORATIONS I through X, inclusive, as follows:

## IDENTIFICATION OF THE PARTIES

1.      At all times relevant hereto, Plaintiff TARA M. HAYWOOD ("Plaintiff"), is and was a resident of the County of Clark, State of Nevada, and over the age of eighteen.

2.      At all times relevant hereto, Defendant SPROUTS FARMERS MARKET, INC.

1

("Defendant SPROUTS") is licensed to do business in Clark County, Nevada. Defendant **SPROUTS** owns and operates a **grocery** store located at 7530 W. Lake Mead Blvd., Las Vegas, Nevada 89128 ("Sprouts Grocery Store") at the time of the Incident and was the owner and operator that maintained the shopping carts provided to patrons for use within the subject store and parking lot when the incident that is the subject of this complaint occurred.

3.     **At all times relevant, Defendant ROCATEQ USA LLC ("Defendant ROCATEQ") (Defendant ROCATEQ and Defendant Sprouts are collectively herein referred as "Defendants") is and was licensed to do business in Clark County, Nevada. Defendant ROCATEQ manufactured an anti-theft device that Defendant Sprouts installed on its shopping carts. Defendant Sprouts provided the shopping carts to its patrons for use within the subject Sprouts Grocery Store and parking lot when the incident that is the subject of this complaint occurred.**

4.     That the true names or capacities, whether individual, corporate, associate or otherwise of Defendants DOES I - X and/or ROES CORPORATIONS I - X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed, believes, and alleges that Defendants, as designated herein as a DOES and/or ROES CORPORATION are any one of the following:

    a.   A party responsible in some manner for the events and happenings hereunder referred to, and in some manner proximately caused injuries and damages to the Plaintiff as herein alleged including, but not limited to, keeping, maintaining, and designing their store and shopping carts in a safe and clean manner on June 2, 2021, when the incident set forth herein below occurred.

    b.   Parties that were the agents, servants, authorities and contractors of the Defendants, each of them acting within the course and scope of their agency, employment, or contract;

    c.   Parties that own, lease, manage, operate, secure, inspect, repair, maintain and/or are responsible for the shopping cart and parking lot owned and operated by the Defendants at the time of this incident; and/or

2

d.   Parties that have assumed or retained the liabilities of any of the Defendants by virtue of an agreement, trust, sale, transfer or otherwise.

5.   Plaintiff is informed, believes, and thereon alleges that Defendants, DOES I through X, are employees of Defendants who may be liable for Defendants negligence pursuant to NRS 41.130, which states:

> Except as otherwise provide in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another corporation responsible for this conduct, that person or corporation so responsible is liable to the person injured for damages.

6.   Plaintiff alleges that the activities described in this Complaint are performed by each named or unnamed Defendants, either individually or in concert with the others, or with the knowledge, encouragement, or direction of one or more of the other named or unnamed Defendants, and therefore those Defendants are jointly, separately liable, and vicariously liable for the injuries and causes of action further described in this Complaint.

## JURISDICTION AND VENUE

7.   Jurisdiction is proper in this court pursuant to the Nevada Constitution, Article 6, § 6, NRS 30.010, et seq., and because the acts and omissions complained of herein occurred within Clark County, Nevada. Further, the amount in controversy exceeds $15,000.

8.   Venue is proper in this Court pursuant to NRS 13.040.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

9.   Plaintiff was a patron **of Defendant SPROUTS at the Sprouts Grocery Store when the Incident occurred.**

10.   Defendants, its employees, servants, and/or agents, utterly failed to comply with basic safety policies and procedures to ensure the safety of their patrons and further failed to warn Plaintiff of the hazardous condition created by them, including the faulty shopping carts, which was the direct result of her serious injuries from the subject incident.

11.   In particular**,** on or about June 2, 2021, Plaintiff HAYWOOD was a guest at

3

Defendant SPROUTS located at 7530 W. Lake Mead Blvd., Las Vegas, Nevada 89128.   As Plaintiff was walking attempting to exit the store with her purchase, she suddenly, unexpectedly and without warning**,** violently injured herself after the shopping cart provided to her by the SPROUTS store abruptly came to a stop causing her to violently strike her leg against the shopping cart that abruptly stopped without warning whereby, she suffered severe: (1) Right Lower Leg, (2) Right Leg injuries.

12.     The incident was subsequently reported to SPROUTS and an investigation of the shopping cart and incident occurred.

13.     As a result of this Incident, Plaintiff suffered severe, painful, and permanent injuries all in excess of $15,000.00.

14.     As a direct result of Defendant's negligence, Plaintiff has been required to seek medical care and incur medical expenses, both past and future, and lost wages well in excess of $15,000.00.

15.     Plaintiff has been required to retain the services of counsel to prosecute this claim and is entitled to an award of attorney's fees and costs incurred herein.

**FIRST CLAIM FOR RELIEF**
**Negligence**

**(Against Defendant SPROUTS and Defendant ROCATEQ)**

16.     Plaintiff repeats and realleges the allegations above as though fully set forth herein and incorporates the same by reference.

17.     In accordance with its policies and procedures and the grocery store industry standards within the Las Vegas Community, Defendant**s**, and its employees, agents, and/or servants, have a duty to ensure its store and the equipment, including but not limited to shopping carts, provided by them to its patrons are maintained in a reasonably safe condition and free from hazards that would pose a significant risk of injury and/or death to its patrons, including Plaintiff.

18.     Defendant**s**, and its employees, agents, and/or servants, breached its duty to Plaintiff when it negligently failed to provide shopping carts free from hazards that would pose a significant risk of injuries created by normal use of the shopping carts provided to patrons which resulted in

4

Plaintiff's incident and subsequent serious injuries.

19.     Defendants, and its employees, agents, and/or servants breached its duty to Plaintiff when it negligently failed to warn Plaintiff of the hazardous condition created by them, allowing the shopping cart to remain in the service of its patrons, creating an unreasonably dangerous condition.

20.     As a direct, proximate, and foreseeable result of the negligent acts or omissions of Defendants and their employees, agents, and/or servants, Plaintiff suffered severe, painful, and permanent injuries in excess of $15,000.00.

21.     As a direct, proximate, and foreseeable result of the negligent acts or omissions of Defendants and its employees, agents, and/or servants, Plaintiff has been required to seek medical care and incur medical expenses, both past and future, and lost wages well in excess of $15,000.00.

22.     Plaintiff has been required to retain the services of counsel to prosecute this claim and is entitled to an award of attorneys' fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF
### Negligent Hiring, Training, Supervising, and/or Retention

### (Against Defendant SPROUTS)

23.     Plaintiff repeats and realleges the allegations above as though fully set forth herein and incorporates the same by reference.

24.     Defendant **Sprouts** had advance knowledge that its employees, agents, and/or servants were unfit for the purposes of maintaining its store and the equipment they provide to their patrons, thereby creating a hazardous condition, which caused Plaintiff to violently strike her leg and seriously injure herself after the shopping cart in question completely stopped without warning.

25.     Defendant **Sprouts** knew that the improper hiring, training, and supervision of Defendant's employees, agents, and/or servants, would create an unreasonably dangerous condition for its patrons, and it was reasonably foreseeable that the improper hiring, training, supervision, and control of Defendant **Sprouts**' employees, agents, and/or servants, to maintain and/or correct the hazardous condition created by them would jeopardize the safety of the general

public including Plaintiff, which Defendant **Sprouts** knew would result in serious injury.

26. Defendant **Sprouts**' had advanced knowledge that employees and/or agents were unfit for the purposes of properly maintaining the store and the equipment they provide to their patrons and properly warning all patrons within the store of the significant risk of injuries within the store and parking lot of a potential hazards as is every store's policies and procedures in the industry and the Las Vegas Community and failed to notify patrons and patrons of the hazards created by such employees and/or agents and failed to use reasonable care in cautioning their patrons, including Plaintiff and thereby created the dangerous conditions that caused Plaintiff's incident, and negligently hired, employed, trained such employees with conscious disregard to the rights and safety of people, including the general public and Plaintiff.

27. Defendant **Sprouts** expressly authorized or ratified the wrongful acts of the employees and/or agents and had a duty to properly hire, train and supervise all such employees for the benefit and protection of Plaintiff to this action.

28. Defendant **Sprouts** breached these duties by failing to properly hire, train and supervise such employees and expressly authorized or ratified the wrongful acts of the employees and/or agents.  As a direct result, Plaintiff has been damaged in excess of $15,000.00.

29. At all times mentioned herein, Defendant **Sprouts** knew that the improper hiring, training and supervision of its employees, agents, and/or servants would create an unreasonably dangerous condition and it was reasonably foreseeable that the improper hiring, training, and supervising of employees to maintain its store and the equipment they provide to their patrons where the incident occurred in a safe and clean manner so as to prevent patrons from being injured as a result of hazard actually created by Defendant **Sprouts** and its employees, agents, and/or servants caused Plaintiff's incident and subsequent serious injuries.

30. As a direct, proximate, and foreseeable result of the negligent acts or omissions of Defendant and its employees, agents, and/or servants, Plaintiff suffered severe, painful, and permanent injuries in excess of $15,000.00.

31. As a direct, proximate, and foreseeable result of the negligent acts or omissions of Defendant **Sprouts** and its employees, agents, and/or servants, Plaintiff has been required to seek

6

medical care and incur medical expenses, both past and future, and lost wages well in excess of $15,000.00.

32.     Plaintiff has been required to retain the services of counsel to prosecute this claim and is entitled to an award of attorneys' fees and costs incurred herein.

**THIRD CLAIM FOR RELIEF**
**Respondeat Superior/Agency**

**(Against Defendant SPROUTS)**

33.     Plaintiff repeats and realleges the allegations above as though fully set forth herein and incorporates the same by reference.

34.     Defendant **SPROUTS** had advanced knowledge that its employees and/or agents were unfit for the particular purpose of maintaining Defendant's store and equipment free from the hazardous condition that was the direct cause of Plaintiff's Incident and injuries.

35.     Defendant **SPROUTS** also had advanced knowledge that its employees, agents, and/or servants, were negligent in failing to properly ensure the safety of their equipment to be used by patrons, including Plaintiff, which caused her injuries.

36.     Defendant **SPROUTS**, through its corporate directors, officers, and/or managers, expressly authorized and/or ratified the wrongful acts of its employees, agents, and/or servants, which were acting within the scope of their employment/agency with Defendant **SPROUTS**.

37.     Defendant **SPROUTS** employed such employees, agents, and/or servants, consciously disregarding the rights and safety of the general public, including Plaintiff. As a direct result, Plaintiff has been damaged in excess of $15,000.00.

38.     At all times mentioned herein, Defendant **SPROUTS** knew that the improper hiring, training, and supervision of Defendant's employees/agents would create an unreasonably dangerous condition and it was reasonably foreseeable that the improper hiring, training, supervision, **retention,** and control of Defendant's employees/agents would jeopardize the safety of the general public including Plaintiff HAYWOOD, which Defendant SPROUTS knew would result in serious injury.

39.     Defendant SPROUTS employed employees, agents, and/or servants that were

7

working under Defendant's control and were subordinate to Defendant.

40.     On information and belief, Defendant's employees, agents, and/or servants were acting within the scope of their employment and while furthering the business interest of Defendant, when the Incident that harmed Plaintiff occurred.

41.     As a result of Defendant's employees, agents, and/or servants negligent acts and/or omissions, Plaintiff sustained severe, painful, and permanent injuries in an amount that exceeds $15,000.00.

42.     Because Defendant is the principal of Defendant's employees, agents, and/or servants, Defendant is responsible for all of the negligent acts and/or omissions committed by Defendant's employees, agents, and/or servants, which were committed within the scope of their agency/employment, including the subject Incident described herein, which caused Plaintiff's injuries in an amount that exceeds $15,000.00.

43.     Plaintiff has been required to retain the services of counsel to prosecute this claim and is entitled to an award of attorney's fees and costs incurred herein.

## FOURTH CLAIM FOR RELIEF
### Strict Products Liability – Manufacturing

### (Against Defendant SPROUTS and Defendant ROCATEQ)

44.     Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs herein and incorporates the same herein by reference.

45.     Defendants are in the business of designing, engineering, manufacturing, producing, testing, distributing, marketing, selling, repairing, owning, managing, inspecting, controlling, maintaining, and/or otherwise placing shopping carts on the market, to include the shopping cart used by Plaintiff on the day of this incident.

46.     Upon information and belief, part or all of the mechanisms and related systems of the subject shopping cart and/or shopping cart anti-theft systems were defective, hazardous, and

dangerous, and were not, in fact, fit to be used in the manner intended and were not of merchantable quality, in that, and not by way of limitation, the ordinary use of the subject shopping cart created an unreasonable risk of serious bodily injury to its foreseeable users. The shopping cart was placed in a defective condition so as to be unreasonably dangerous to Plaintiff or other users.

47.     Upon information and belief, Defendants designed, engineered, produced, manufactured, tested, distributed, marketed, sold, repaired, installed, owned, managed, operated, inspected, controlled, maintained and/or otherwise placed the defective shopping cart in the Spouts Grocery Store involved in the aforementioned incident on the market.

48.     Upon information and belief, such defects existed when the shopping cart left the possession and/or control of Defendants and its manufacturing facility along with the time the shopping cart was placed into service at Defendants' grocery store.

49.     As a direct and proximate result of the aforesaid defective products, Plaintiff was injured, receiving injuries to the tissues, bones, and joints of her body. Plaintiff thereby experienced great pain, and anxiety to her body and mind, sustaining injuries and damages in the sum in excess of Fifteen Thousand Dollars ($15,000.00).

50.     As a further direct and proximate result of the aforesaid defective products, Plaintiff has incurred damages, both general and special, including medical expenses as a result of the necessary treatment of his injuries, and will continue to incur damages for future medical treatment necessitated by incident-related injuries she has suffered.

51.     As a further direct and proximate result of the aforementioned defective product, Plaintiff was required to, and did, employ physicians, surgeons, and other health care providers to examine, treat, and care for her and did incur medical and incidental expenses thereby. At this time, Plaintiff has incurred in excess of $15,000.00 in medical expenses and is still treating.

9

Plaintiff also alleges she will incur more medical expenses and that she has suffered special damages in excess of Fifteen Thousand Dollars ($15,000.00).

52.     Additionally, due to the injuries caused by Defendants' actions, Plaintiff has suffered loss of income and/or loss of earning capacity.

53.     The acts, conduct, and omissions of Defendants, as alleged throughout this Complaint were fraudulent, willful, malicious, and oppressive, and were done with a conscious disregard for the rights and safety of Plaintiff and others, and for the primary purpose of increasing Defendants' profits.

54.     Defendants' conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary, decent people, and was carried on by Defendants with willful and conscious disregard for the safety of Plaintiff, and others in the State of Nevada, entitling Plaintiff to exemplary and punitive damages.

55.     The outrageous and unconscionable conduct of Defendants warrants an award of exemplary and punitive damages in an amount appropriate to punish the Defendants and make an example of them, and to deter similar conduct in the future.

56.     That Defendants' acts complained of herein were willful, malicious, fraudulent, oppressive and done in conscious disregard of Plaintiff's rights, and Plaintiff is entitled to exemplary and punitive damages pursuant to NRS Chapter 42 and common law, for a sum in excess of Fifteen Thousand Dollars ($15,000.00), to be proven at the time of trial, together with prejudgment interest at the rate allowed by law.

57.     Defendants' actions have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and he is therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

//

PROPOSED 3RD AMENDED COMPLAINT

**FIFTH CLAIM FOR RELIEF**
**Strict Products Liability – Failure to Warn**

**(Against Defendant SPROUTS and Defendant ROCATEQ)**

58.     Plaintiff has been required to retain the services of counsel to prosecute this claim and is entitled to an award of attorney's fees and costs incurred herein.

59.     Upon information and belief, the shopping cart involved in the subject incident was defective at the time of their design, manufacture, development, production, testing, inspection, endorsement, prescription, sale, and/or distribution, in that, and not by way of limitation, said products and their warnings, instructions and directions failed to warn of the dangerous propensities of said products, which risks were known or reasonably scientifically knowable to Defendant**s**.

60.     Defendant**s** knew, or should have known of the defective conditions, characteristics, and risks associated therewith, as previously set forth herein.

61.     At all times herein mentioned, the shopping cart involved in the subject incident was defective, and Defendant**s** knew that the products were to be used by the user without inspection for defects therein.

62.     As a direct and proximate result of the aforesaid defective products, Plaintiff was injured, receiving injuries to the tissues, body parts and tissues. Plaintiff thereby experienced great pain, and anxiety to her body and mind, sustaining injuries and damages in the sum in excess of Fifteen Thousand Dollars ($15,000.00).

63.     As a further direct and proximate result of the aforesaid defective products, Plaintiff has incurred damages, both general and special, including medical expenses as a result of the necessary treatment of his injuries, and will continue to incur damages for future medical treatment necessitated by incident-related injuries she has suffered.

64.     As a further direct and proximate result of the aforementioned defective product, Plaintiff was required to, and did, employ physicians, surgeons, and other health care providers to examine, treat, and care for h**er** and did incur medical and incidental expenses thereby. At this time, Plaintiff has incurred in excess of $15,000.00 in medical expenses and is still treating.

Plaintiff also alleges she will incur more medical expenses and that she has suffered special damages in excess of Fifteen Thousand Dollars ($15,000.00).

65.     Additionally, due to injuries caused by Defendants' actions, Plaintiff has suffered loss of income and/or loss of earning capacity.

66.     The acts, conduct, and omissions of Defendants, as alleged throughout this Complaint were fraudulent, willful, malicious, and oppressive, and were done with a conscious disregard for the rights and safety of Plaintiff and others who used shopping carts, and for the primary purpose of increasing Defendants' profits.

67.     Defendants' conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary, decent people, and was carried on by Defendants with willful and conscious disregard for the safety of Plaintiff, and others in the State of Nevada, entitling Plaintiff to exemplary and punitive damages.

68.     The outrageous and unconscionable conduct of the Defendants warrants an award of exemplary and punitive damages in an amount appropriate to punish Defendants and make an example of them, and to deter similar conduct in the future.

69.     That the acts of Defendants complained of herein were willful, malicious, fraudulent, oppressive and done in conscious disregard of Plaintiff's rights, and Plaintiff is entitled to exemplary and punitive damages pursuant to NRS Chapter 42 and common law, for a sum in excess of Fifteen Thousand Dollars ($15,000.00), to be proven at the time of trial, together with prejudgment interest at the rate allowed by law.

70.     Defendants' actions have forced Plaintiff to retain counsel to represent her in the prosecution of this action, and she is therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.


        ///

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff TARA M. HAYWOOD expressly reserves the right to amend this complaint prior to or at the time of trial of this action, and prays for a judgment against Defendant SPROUTS FARMERS MARKET, INC., and Defendant **ROCATEQ USA LLC** each of them as follows:

1.  For general and compensatory damages in an amount in excess of $15,000.00;

2.  For special damages in excess of $15,000.00;

3.  For punitive damages in excess of $15,000.00;

4.  For pre- and post-judgment interest at the highest rate allowable by law;

5.  For reasonable attorneys' fees, costs of suit incurred herein, and interest; and

6.  For such other and further relief as the Court may deem as just and proper.

DATED this _____ day of _____, 2024.

Respectfully submitted by:

**HANRATTY LAW GROUP**


By: _**/s/: Kevin M. Hanratty, Esq.**_____
     Kevin M. Hanratty, Esq.
     Nevada Bar No. 7734
     Ani Biesiada, Esq.
     Nevada Bar No. 14347
     1815 Village Center Circle, Suite 140
     Las Vegas, Nevada 89134
     *Counsel for Plaintiff Tara M. Haywood*